IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES BENNETT,

        Plaintiff,　　　　　　　　　　　　OPINION AND ORDER

v.

                                                       17-cv-809-slc

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

---

On July 16, 2018, I reversed and remanded the Commissioner's decision denying plaintiff James Bennett's application for disability benefits and entered judgment in favor of Bennett pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 13-14. (I have revised the caption to reflect the fact that Andrew Saul is now the commissioner of Social Security.) On September 25, 2018, I accepted the parties' stipulation for attorney fees under the Equal Access to Justice Act (EAJA) and awarded Bennett attorneys' fees in the amount of $6,460.87. Dkt. 16. Before the court is a motion filed by Bennett's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative law judge (ALJ) on remand. Dkt. 18. The Commissioner does not oppose the motion. Dkt. 20.

Duncan reports that he and Bennett have a contingency fee agreement providing for attorney's fees amounting to 25 percent of an award of past-due benefits. Dkt. 18-1. On remand, the ALJ awarded past-due benefits from which the Social Security Administration withheld 25% or $14,080 for attorney fees. Duncan has submitted an accounting showing that 25.6 hours in attorney time and 18.05 hours in paralegal time were spent on Bennett's case in this court. Pursuant to 42 U.S.C. § 406(b), Duncan requests an order awarding a fee for court

work in the amount of $7,619.13 (equal to $14,080 less the previously awarded EAJA fee of $6,460.87) to be payable out of Bennett's past-due benefits.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002); *McGuire v. Sullivan*, 873 F.2d 974, 979-83 (7th Cir. 1989).  Here, the requested award is reasonable.  Duncan seeks a total of $14,080 in fees for 25.6 hours of attorney work and 18.05 hours of paralegal work for an overall hourly rate of approximately $323.[1]  *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500); *see also Richlin Secretary Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fees under EAJA includes paralegal time); *Beach v. Berryhill*, No. 14-cv-857-bbc, 2017 WL 3275546, at *2 (W.D. Wis. Aug. 1, 2017) (awarding $200 an hour for paralegal work). Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record and drafted a successful motion for summary judgment that resulted in a favorable remand.  In addition, the Commissioner does not oppose the motion.  Accordingly, I will grant counsel's motion for attorney fees in the amount of $7,619.13.

---

[1] Duncan does not identify the specific hourly rate paid for attorney and paralegal work, but presumably the attorney(s) were paid at a higher rate than the paralegal(s).

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. 18, is GRANTED. The court approves a representative fee award of $7,619.13 to be payable to Dana Duncan out of the statutory fee withheld from James Bennett's past-due benefits.

Entered this 3rd day of June, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge